

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,252-02

### EX PARTE ROBERT DION WILLIAMS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1099166 IN THE 183RD DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Williams v. State*, No. 01-09-00971-CR (Tex. App. — Houston [1st Dist.] December 16, 2010) (not designated for publication).

The trial court recommends that this application be dismissed as non-compliant, because Applicant has inserted additional pages into the habeas form in support of each ground for review.

While the insertion of additional pages might render a habeas application non-compliant if filed now, when Applicant filed his application in the trial court in 2012, it was in compliance with the form requirements of Rule 73.1 of the Texas Rules of Appellate Procedure.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to adequately investigate, interview or call favorable witnesses, or allow Applicant to testify on his own behalf.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall describe the investigation he performed in this case. Trial counsel shall state whether he attempted to subpoena telephone records or cell phone tower records from the victim's telephone, the victim's girlfriend's telephone, and Applicant's cell phone. Trial counsel shall state whether he interviewed Henrietta Davis and Jeffery Johnson, and if so, whether they would have been available and willing to testify favorably as to Applicant's alibi. Trial counsel shall state whether Applicant was advised that the decision of whether or not to testify on his own behalf was his own, and if so, whether Applicant indicated that he wanted to testify. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

attorney to represent Applicant at the hearing. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: August 26, 2015
Do not publish